# CASE NO. 16-2050

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

PUBLIC SERVICE COMPANY
OF NEW MEXICO,

      Plaintiff – Appellant,

      v.

LORRAIN BARBOAN, a/k/a
LARENE H. BARBOAN, *et al.*,

      Defendants – Appellees,

      and

APPROXIMATELY 15.49 ACRES OF LAND
IN MCKINLEY COUNTY, NEW MEXICO, *et al.,*

      Defendants.

On Interlocutory Appeal from the United States District Court
for the District of New Mexico
The Honorable James A. Parker, Senior United States District Judge
D.D.C. Case Number 1:15cv501

## <u>MOTION TO STAY ISSUANCE OF MANDATE</u>

Respectfully submitted,

KIRK R. ALLEN
Miller Stratvert P.A.
WILLIAM H. HURD
Troutman Sanders, LLP
Attorneys for Plaintiff— Appellant
Public Service Company of New Mexico

July 26, 2017

31722300

Public Service Company of New Mexico ("PNM"), by counsel, pursuant to Fed. R. App. P. 41(d)(2)(A) and 10th Cir. R. 41.1(B), hereby moves that the Court stay issuance of the mandate in this case pending the filing by PNM of a Petition for Writ of Certiorari in the Supreme Court of the United States and the final disposition of this case by that Court. PNM states as follows in support of this motion:

1.      On May 26, 2017, a three-judge panel of this Court issued its opinion and judgment, affirming the district court's dismissal of the condemnation action brought by PNM against two land parcels in which the Navajo Nation holds a small fractional interest.

2.      On July 7, 2017, PNM filed with this Court a Petition for Rehearing En Banc.

3.      On July 21, 2017, this Court denied PNM's Petition for Rehearing En Banc.

4.      PNM will file a Petition for Writ of Certiorari with the Supreme Court of the United States, seeking review of this Court's May 26, 2017 decision. The deadline for filing the Petition is ninety (90) days following this Court's denial of the Petition for Rehearing En Banc, or October, 19, 2017. *See* Sup. Ct. R. 13(1), (3).

5. This Court may stay the issuance of the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court when (a) "the certiorari petition would present a substantial question and . . . there is good cause for a stay," Fed. R. App. P. 41(d)(2)(A), and (b) "there is a substantial possibility that a petition for writ of certiorari would be granted." 10th Cir. R. 41.1(B).

6. PNM's Petition for Writ of Certiorari will present, in substance, one or more of those same questions that this Court accepted for interlocutory appeal:

> **Question I.** Does 25 U.S.C. § 357 authorize a condemnation action against a parcel of allotted land in which the United States holds fee title in trust for an Indian tribe, which has a fractional beneficial interest in the parcel?

> **Question II.** Is an Indian tribe that holds a fractional beneficial interest in a parcel of allotted land a required party to a condemnation action brought under 25 U.S.C. § 357?

> **Question III.** Does an Indian tribe that holds a fractional beneficial interest in a parcel of allotted land have sovereign immunity against a condemnation action brought under 25 U.S.C. § 357?

> **Question IV.** If an Indian tribe that holds a fractional beneficial interest in a parcel of allotted land has sovereign immunity against, and cannot be joined in, a condemnation action brought under 25 U.S.C. § 357, can a condemnation action proceed in the absence of the Indian tribe?

7. All of these questions involve the ability of an Indian tribe to block the acquisition of an easement by eminent domain simply by obtaining a fractional interest in allotted land where the easement would run. As such, they affect not

just the parties before the Court, but all utilities and all state and local governments in the six States of the Tenth Circuit, insofar as they seek to exercise eminent domain over allotted land for an array of vital public purposes, including electric utility lines, natural gas and petroleum pipelines, bridges and roads.

8.      This Court previously recognized the importance of these questions when, in accepting them for interlocutory appeal, it necessarily concurred with the District Court's determination that they involve "controlling question[s] of law as to which there is substantial ground for difference of opinion."   28 U.S.C. § 1292(b).  *See Pub. Serv. Co. of N.M v. Barboan*, No. 16-0700 (10th Cir. Mar. 31, 2016) (order granting petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)).

9.      Thus, the questions to be presented by PNM in its Petition for Writ of Certiorari qualify as substantial.

10.      Additionally, there is good cause for a stay of the mandate.  No prejudice will result to Defendants-Appellees if the Court grants a short stay, allowing PNM to file its Petition for Writ of Certiorari.  To the extent that any further proceedings may be required in this case in the District Court of New Mexico, staying the mandate will avoid the complications that could occur if the case were to proceed in that court and in the U. S. Supreme Court simultaneously.

11.    Further, there is a substantial possibility that PNM's Petition for Writ of Certiorari will be granted, because the case implicates two of the "Considerations Governing Review on Certiorari" set forth by the U.S. Supreme Court. *See* Sup. Ct. R. 10.

- First, this Court's decision is at odds with the broad principle recognized by the U.S. Court of Appeals for the Ninth Circuit in *Southern Cal. Edison Co. v. Rice*, 685 F.2d 354 (9th Cir. 1982), where that court said: "[w]ith respect to condemnation actions by state authorities, Congress explicitly afforded *no special protection* to allotted lands beyond that which land owned in fee already received under the state laws of eminent domain." *Id.* at 356 (emphasis added). This Court's holding, which allows a single individual to block the acquisition of new rights of way or the renewal of existing rights of way simply by conveying even the smallest fractional interest in allotted lands to an Indian tribe, runs counter to that broad principle. Thus, PNM's Petition for Writ of Certiorari implicates a conflict between circuits. *See* Sup. Ct. R. 10(a).

- Second, given the sweeping reach of this Court's decision – including the potential effects on portions of the national power

grid lying outside the Tenth Circuit – PNM's Petition for Writ of Certiorari involves "an important question of federal law that has not been, but should be, settled by [the Supreme] Court." Sup. Ct. R. 10(c).

Counsel for PNM requested the parties' positions on this Motion and has been advised that the United States takes no position on this Motion, the Navajo Nation does not object to this Motion and the Individual Allottees object to this Motion.

WHEREFORE, PNM respectfully moves that the Court stay issuance of the mandate in this case pending the filing by PNM of a Petition for Writ of Certiorari in the Supreme Court of the United States and the final disposition of this case by that Court.

31722300

Respectfully submitted,

**PUBLIC SERVICE COMPANY OF
NEW MEXICO**

By:   */s/ Kirk R. Allen*
      KIRK R. ALLEN
      Miller Stratvert P.A.
      P. O. Box 25687
      Albuquerque, NM 87125
      kallen@mstlaw.com

      WILLIAM H. HURD
      Troutman Sanders, LLP
      P. O. Box 1122
      Richmond, Virginia 23218
      william.hurd@troutmansanders.com

Attorneys for Plaintiff — Appellant
Public Service Company of New Mexico

31722300

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTIONS

I certify that the foregoing Motion, as submitted in Digital Form via the court's ECF system, has been scanned for viruses with AVG AntiVirus Business Edition, version 3556, as updated through October 13, 2016 and, according to the program, is free of viruses.   In addition, I certify that all required privacy redactions have been made.

*/s/ Kirk R. Allen*

## CERTIFICATE OF SERVICE

I certify that on July 26, 2017, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system, causing all case participants registered as CM/ECF users to be served by the CM/ECF system.

I also certify that a copy of the foregoing Motion to Stay Issuance of Mandate was sent via first-class U.S. Mail, postage prepaid, to the following on this 26th day of July, 2017:

Linda C. Williams, Pro Se          Vern Charleston, Pro Se
P.O. Box 835                       1107A N. Auburn Ave.
Church Rock, NM 87311-0835         Farmington, NM 87041-5721

*/s/ Kirk R. Allen*

\\Abq-tamarack\ProData\000003-047972\Pleadings_Appeal\3249156.docx

31722300