**No. 16-2050**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

PUBLIC SERVICE COMPANY OF NEW MEXICO,
*Plaintiff-Appellant,*
v.
LORRAINE BARBOAN, et al.,
*Defendants-Appellees.*

On Appeal from the United States District Court, District of New Mexico,
No. 15-cv-00501-JAP-CG, Honorable James A. Parker

**DEFENDANTS-APPELLEES INDIVIDUAL ALLOTTEES
OPPOSITION TO PUBLIC SERVICE COMPANY OF NEW
MEXICO'S MOTION TO STAY ISSUANCE OF MANDATE**

Zackeree S. Kelin
Davis Kelin Law Firm, LLC
111 Tulane Drive SE
Albuquerque, New Mexico 87106
(505) 242-7200; (505) 213-3399 fax
zkelin@daviskelin.com


Michael M. Mulder
The Law Offices of Michael M. Mulder
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
(312) 263-0272; (847) 563-2301
mmmulder@mmmulderlaw.com

*Attorneys for Defendants-Appellees Individual Allottees*

Pursuant to Federal and Tenth Circuit Rule of Appellate Procedure 41, Defendants-Appellees Lorraine J. Barboan, Laura H. Chaco, Benjamin A. House, Mary R. House, Annie H. Sorrell, Dorothy W. House, Leonard Willie, Irene Willie, Charley Johnson, Eloise J. Smith, Shawn Stevens (collectively referred to as "Individual Allottees" or "Defendants") respectfully oppose Plaintiff-Appellant's ("Plaintiff") Motion to Stay Issuance of Mandate.

## PRELIMINARY STATEMENT

Plaintiff fails to offer any good reason for this Court to stay the issuance of its mandate, and none exists. To the contrary, there are a number of compelling reasons not to grant the stay, as discussed below. Plaintiff's motion seeks Supreme Court review of an interlocutory appeal to this Court. The Supreme Court has made clear that such piecemeal review is heavily discouraged, particularly here where Plaintiff signally fails to identify any circuit conflict. Under the circumstances, Plaintiff has little prospect of obtaining certiorari review, let alone winning a reversal, of this Court's judgment. Further, and of signal importance to the Individual Allottees, Plaintiff fails outright to provide any evidence of irreparable harm—or any harm—in the event the mandate issues. In contrast, delaying issuance of the mandate will only harm Individual Allottees, many of whom are elderly and

have not received compensation from Plaintiff for use of the right of way since it expired in 2010.

## ARGUMENT

### I. Plaintiff Fails to Meet The High Standard For Granting A Stay Of Mandate

To merit a stay of mandate, Plaintiff "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Fed. R. App. 41(d)(2)(A); *see also* 10th Cir. Rule. 41.1(B) ("A motion for a stay of the issuance of mandate will not be granted unless the motion sets forth facts showing good cause for the relief sought."). The 10th Circuit makes clear in the very title of its Cir. R. 41.1, "Stay not routinely granted," that this type of relief is exceptional.

More specifically, Plaintiff must demonstrate:

(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed.

*Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1319 (1994) (Rehnquist, J.); *South Park Indep. School Dist. v. United States*, 453 U.S. 1301, 1303 (1981) (Powell, J.). *See also* Robert L. Stern, et al., Supreme Court Practice § 17.19, at 689 (7th ed. 1993) (lower courts apply same factors).

2

Plaintiff has not met any of the requirements for a stay. Accordingly, this Court should deny Plaintiff's request and issue its mandate immediately.

### A. Plaintiff Has Failed To Show Any Substantial Question Meriting Supreme Court Review

The fact that this Court's judgment is interlocutory "of itself alone furnishe[s] sufficient ground for the denial" of Plaintiff's petition for certiorari. *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 258 (1916); *see also Brotherhood of Locomotive Firemen v. Bangor & Aroostook R.R. Co.*, 389 U.S. 327, 328 (1967) ("because the Court of Appeals remanded the case, it is not yet ripe for review by this Court"); Virginia Military Inst. v. United States, 508 U.S. 946 (1993) (Scalia, J., concurring) ("We generally await final judgment in the lower courts before exercising our certiorari jurisdiction"); Stern, et al. § 4.18, at 196. Here, in the absence of a dissent from the panel or en banc consideration, the Supreme Court is even less likely to grant certiorari.

Furthermore, a grant of certiorari is very unlikely here because there is a clear issue of tribal immunity. This Court explained:

> Though we need not reach the other questions raised on appeal, we note that the district court's orders provide thorough and well-reasoned bases to affirm on each. The court's orders are especially persuasive on the question of tribal immunity, which the court rightly observes must be abrogated unequivocally, not implicitly, by Congress. *See Nanomantube v. Kickapoo Tribe in Kan.*, 631 F.3d 1150, 1152 (10th Cir. 2011). PNM offers

3

evidence of only implicit abrogation. We take note of this to demonstrate that even had PNM prevailed on the § 357 statutory question, it still would have had a long, difficult road ahead before its condemnation action could proceed.

*Pub. Serv. Co. of New Mexico v. Barboan*, 857 F.3d 1101, 1108 (10th Cir. 2017). It is unlikely the Supreme Court would grant certiorari to step where Congress has not.

Furthermore, Plaintiff's argument that this Court's decision created a circuit split with the Ninth Circuit in *Southern Cal. Edison Co. v. Rice*, 685 F.2d 354 (9th Cir. 1982) is misplaced. This Court specifically explained in its decision that *Rice* does not support Plaintiff's contention that allotted land "may be condemned regardless of which persons or entities own fractional interests in such parcel." *Barboan*, 857 F.3d at 1109 (quoting Appellant Opening Br. at 10). There is no split on the finding that "Section 357 does not reach tribal lands, even if land reobtains that status long after it was allotted." *Id.*

### B. Plaintiff Has Failed To Show A Significant Possibility That the Court Would Reverse the Judgment Below

Plaintiff fails entirely to even argue that there is a "significant possibility" that the Supreme Court would reverse this Court's decision (in the unlikely event that the Supreme Court did grant certiorari), as required under *Packwood*. 510 U.S. at 1319. This Court's unanimous decision was

deliberate, thorough, and reasonable. There is no reason to suppose the Supreme Court will disturb it, or even choose to review it.

### C. Plaintiff Has Failed To Show That It Will Be Irreparably Harmed Without A Stay

Further, Plaintiff makes no mention—let alone a showing—that it will suffer irreparable harm without a stay. This omission in itself justifies denial of a stay. *See Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1317 (1983) (Blackmun, J.) ("An applicant's likelihood of success on the merits need not be considered, however, if the applicant fails to show irreparable injury from the denial of the stay.") To the extent that Plaintiff implies harm when it argues that "staying the mandate will avoid the complications that could occur if the case were to proceed in that court and in the U. S. Supreme Court simultaneously," (Pl. Br. at 4) this simply does not rise to the level of irreparable harm. And in the unlikely event that Supreme Court review were granted, that Court of course can order the mandate recalled. Moreover, even if these "complications" could not be avoided by recalling the mandate, Plaintiff's argument proves too much: if it were correct, a stay of mandate would be granted whenever review of an interlocutory appeal is sought. But as seen above, the Tenth Circuit's Rule 41.1 is exactly the opposite: a stay is the exception, not the rule. As stated by 10th Cir. R. 41.1, a "[s]tay is not routinely granted."

5

Finally, Plaintiff makes no effort to explain how the equities would favor a stay and in fact they do not. The last time Defendants received any compensation for the right of way was more than 50 years ago, when it was originally granted. Moreover, they have received no compensation at all for Plaintiff's use of the right of way for the seven years since it expired in 2010. Plaintiff continues to use the easement on Defendants' property to date without compensation. Plaintiff claims, "No prejudice will result to Defendants-Appellees if the Court grants a short stay, allowing PNM to file its Petition for Writ of Certiorari." (Pl. Br. at 4). In reality, if this Court grants Plaintiff's motion, the filing of the petition for certiorari within the stay period would continue Plaintiff's free use of the right of way until the petition is disposed of, which would likely not be until sometime in the middle of 2018. *See* Fed. R. App. P. 41(d)(2)(C).

## CONCLUSION

For the reasons above, Plaintiff's Motion to Stay Issuance of Mandate should be denied.

Dated: July 28, 2017        Electronically submitted,

*/s/ Michael M. Mulder*

Michael M. Mulder

>The Law Offices of Michael M. Mulder
>1603 Orrington Avenue, Suite 600
>Evanston, IL 60201
>(312) 263-0272; (847) 563-2301 fax
>mmmulder@mmmulderlaw.com
>
>Zackeree S. Kelin
>Davis Kelin Law Firm, LLC
>111 Tulane Drive SE
>Albuquerque, New Mexico 87106
>(505) 242-7200; (505) 213-3399 fax
>zkelin@daviskelin.com

*Attorneys for Defendants-Appellees Individual Allottees*

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing Opposition to Motion to Stay, as submitted in Digital Form via electronic mail, was created on a system that has been scanned for viruses by Malwarebytes Anti-Malware version 2.2.1.1043, as updated through July 28, 2017, and according to the program is free of viruses. In addition, I certify that any required paper copies to be submitted to the Court are exact copies of the version submitted electronically and that all required privacy redactions have been made.

Dated: July 28, 2017             */s/ Michael M. Mulder*

                                                Michael M. Mulder
                                              The Law Offices of Michael M. Mulder

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Motion to Stay was served on July 28, 2017 via the Court of Appeals CM/ECF filing system to all parties in this appeal registered as CM/ECF users.

I further certify that on July 28, 2017, a copy of the foregoing Opposition to Motion to Stay was sent via first-class U.S. Mail, postage prepaid, to the following pro se parties that do not appear to be registered with CM/ECF filing system:

> Linda C. Williams, Pro Se
> P.O. Box 835
> Church Rock, NM 87311-0835
>
> Vern Charleston, Pro Se
> 1107A N. Auburn Ave.
> Farmington, NM 87041-5721

Dated: July 28, 2017         */s/ Michael M. Mulder*

> Michael M. Mulder
> The Law Offices of Michael M. Mulder
> 1603 Orrington Avenue, Suite 600
> Evanston, IL 60201
> (312) 263-0272
> (847) 563-2301 fax
> mmmulder@mmmulderlaw.com